UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LOUIS BONANNO, SR., | ) |
| | ) |
| Plaintiff, | ) 2:20-CV-09 |
| | ) |
| vs. | ) |
| | ) |
| COMMONWEALTH OF VIRGINIA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION**

Plaintiff Louis Bonanno, Sr. has filed a Motion [Doc. 3] asking to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Mr. Bonanno is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma*

*pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319. [1] Plaintiff filed this claim on January 8, 2020 alleging diversity of citizenship as the basis for subject matter jurisdiction.

The Court first notes that it has painstakingly reviewed Plaintiff's Complaint and tried to understand the nature of Plaintiff's claims and against whom he seeks redress of those claims, but the manner in which the Complaint is drafted made that review particularly challenging. It appears that Plaintiff's claims arise from the termination of his employment as a dump-truck driver for the "Virginia Land & Improvement Corp. Inc." Plaintiff appears primarily to contend that his dismissal violated the Americans with Disabilities Act, 42 U.S.C. § 1201, et seq., but also appears

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa. 1997).

to make a claim that one or more of the Defendants retaliated against him such that he could proceed under 42 U.S.C. § 1983. [Doc. 1, p. 5]. There is also a bare bones allegation that "every defendant violated [Plaintiff's] Constitutional Rights. Acting in their individual official capacity under the Fourteenth Amendment." *Id.*

In first reviewing Plaintiff's complaint to determine whether this Court has jurisdiction, the Court notes that Plaintiff fails to allege an amount in controversy. [Doc. 1] Pursuant to 28 U.S.C.A. § 1332(a), the Court may exercise diversity jurisdiction where the matter in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs…" Because Plaintiff's Complaint provides no basis from which the Court can determine the amount in controversy, Plaintiff has failed to provide a sufficient basis upon which this Court is entitled to exercise diversity jurisdiction.

The Court further notes that even if Plaintiff had demonstrated that his claims were properly before the Court jurisdictionally, he has failed to demonstrate that those claims should proceed in the Eastern District of Tennessee. Plaintiff alleges that he is a resident of Tennessee and has been for over thirty years. [Doc. 1, p. 1]. As to the Defendants, two of them are the Commonwealth of Virginia itself and one of its agencies, the Virginia Employment Commission. Plaintiff states they are both located in "Richmond, Virginia." Plaintiff reflects that the other Defendant, Virginia Land Improvement Comp., Inc., is located in "Virginia."

The Exhibits Plaintiff attached to and incorporated into his Complaint reflect that he filed an unemployment claim through the Virginia Employment Commission when he was terminated. [Doc. 1-3, p. 3]. That document provides a full address for Plaintiff's former employer and reflects that the company is located in Manassas, Virginia. *Id.* Plaintiff also includes documents as Exhibits which reflect that he sought review of an unfavorable decision by Defendant, Virginia

Employment Commission, through the state courts of Virginia. In fact, it appears that Plaintiff may still have a petition for appeal pending before the Virginia Supreme Court. [Doc. 1-3, p. 14-15, 17.]

While Plaintiff's Complaint fairly establishes on its face that his citizenship is diverse from that of Defendants, in order for this particular Court to be the appropriate forum within which to address Plaintiff's claims he must demonstrate that "a substantial part of the events or omissions giving rise to the claim occurred" within this district. See 28 U.S.C. S 1391 (a)-(b). The same would be true even if Plaintiff contended that this Court had federal-question jurisdiction over his claims. *Id.*

Plaintiff does not allege that his employment required him to perform any work in Tennessee nor does he claim that his employer does business within this district. The attachments to Plaintiff's complaint and incorporated therein instead support the conclusion that Defendant was terminated by a Virginia employer for whom he performed services in Virginia. It is also telling that, as referenced above, Plaintiff initially chose to pursue his claims within the Commonwealth of Virginia rather than in Tennessee. For these reasons, the Court finds that even if it had jurisdiction over the claims raised by Plaintiff, venue would not be proper in this district.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** pursuant to 28 U.S.C.A. § 1332(a) and 28 U.S.C. § 1406(a), but without prejudice to the Plaintiff's rights to re-file in the appropriate court if in fact his case is not already pending elsewhere in the proper forum.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the

Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

                                              Respectfully submitted,

                                              s/ Cynthia Richardson Wyrick
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).