IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LOUIS BONANNO, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20–CV–9 ) |
| COMMONWEALTH OF VIRGINIA, et al., | ) ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge to dismiss Plaintiff's case under 28 U.S.C. § 1915. The R&R provides that Plaintiff's filing fee should be waived due to indigency, but the case should ultimately be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the lawsuit is frivolous and fails to state a claim. [Doc. 5, PageID 46]. The R&R determines that Plaintiff failed to plead subject matter jurisdiction and has brought the case in the improper venue. [*Id.* at 47].

After the R&R was entered, Plaintiff filed a "Motion to Amend." [Doc. 6]. It is unclear from the "Motion to Amend" whether Plaintiff intended the document to be objections to the Magistrate Judge's R&R, a Motion to Amend his Complaint, or an Amended Complaint. Regardless, the Court will accept the "Motion to Amend" as a Motion to Amend and an Amended Complaint.

For the reasons stated below, Plaintiff's Motion to Amend, [Doc. 6], is GRANTED, the R&R's grant of Plaintiff's Application to Proceed Without Prepayment of Fees is ADOPTED, and the R&R's ruling that Plaintiff's case should be dismissed is REJECTED. The Clerk of Court is

1

DIRECTED to file the complaint without prepayment of costs or fees and to send service packets to Plaintiff.

## I. Motion to Amend

After the R&R was entered, Plaintiff filed a Motion to Amend. [Doc. 6]. Although the R&R found that Plaintiff's original complaint was frivolous under 28 U.S.C. § 1915, it is within the Court's discretion to permit a plaintiff to file an amended complaint. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within 21 days after serving it . . . ." *See LaFountain*, 716 F.3d at 951. Considering Plaintiff has not served Defendants, the Court will permit Plaintiff to amend his complaint once as a matter of course pursuant to Rule 15.

## II. Report and Recommendation

The R&R finds that Plaintiff's complaint should be dismissed because it is frivolous and fails to state a claim for which relief may be granted. The R&R determines that Plaintiff failed to plead subject matter jurisdiction because he failed to plead an amount in controversy and determines that he brought the action in the improper venue. In light of the amended complaint, the Court will reject the section of the R&R recommending that Plaintiff's complaint be dismissed.

In the Sixth Circuit, the decision to dismiss a complaint under 18 U.S.C. § 1915 is governed by the Federal Rule of Civil Procedure 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010); *Chambers v. Carter Cty. Jail*, No. 2:20–CV–035–PLR–CRW, 2020 WL 4018599, at *3 (E.D. Tenn. July 16, 2020). This means that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Although the Rule 12(b)(6) standard applies, a pro se litigant's pleadings are broadly construed and held "to less stringent

2

standards than formal pleadings drafted by lawyers . . . . " *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Based on Plaintiff's Amended Complaint, the Court has subject matter jurisdiction under federal question jurisdiction, 18 U.S.C. § 1331. Plaintiff has brought claims under 42 U.S.C. § 1983, Title VII, the Americans with Disabilities Act, and the Administrative Procedures Act. [Doc. 6, PageID 51–53].

The R&R stated that it is likely that Plaintiff brought his case in the wrong venue. [Doc. 5, PageID 48]. It is true that Plaintiff's allegations focus on events occurring in the Commonwealth of Virginia. However, a motion to dismiss for lack of venue is a defense under Rule 12(b)(3), not Rule 12(b)(6), which governs a dismissal under 28 U.S.C. § 1915. While this Court may be the incorrect venue for this action, Defendants may choose to waive the defense. Fed. R. Civ. P. 12(h). Therefore, lack of venue is not a ground for dismissal at this time.

**III.  Conclusion**

For the above stated reasons, Plaintiff's Motion to Amend, [Doc. 6], is GRANTED, the R&R's grant of Plaintiff's Application to Proceed Without Prepayment of Fees is ADOPTED, and the R&R's ruling that Plaintiff's case should be dismissed is REJECTED. The Clerk of Court is DIRECTED to file the complaint without prepayment of costs or fees and to send service packets to Plaintiff.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
