UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LOUIS BONANNO, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:20-CV-9-TAV-CRW |
| | ) |
| COMMONWEALTH OF VIRGINIA, | ) |
| VIRGINIA EMPLOYMENT COMMISSION, | ) |
| VIRGINIA LAND & IMPROVEMENT | ) |
| CORP. INC., and | ) |
| RICK NORMAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This civil case is before the Court on plaintiff's motion for entry of default [Doc. 14], motion for summary judgment [Doc. 15] and motion to expedite judgment as a matter of law [Doc. 19]. The Court notes that, as a general rule, *pro se* pleadings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

First, plaintiff has filed a "MOTION: TO DISMISS Entry of Default Judgment (FRCP-12(a)(1)(A)(i)" [Doc. 14]. He states that the defendants have not responded to his complaint within 21 days of being served and therefore are in default.[1] He therefore requests a default judgment against defendants. Federal Rule of Civil Procedure 55 sets

---
[1] The Court notes however that summons have only been issued and executed as to the Commonwealth of Virginia, the Virginia Employment Commission, and Prince William Circuit Court [Docs. 9, 11, 12, 13].

forth the two-step procedure for requesting default and default judgment. First, a party must request that a default be entered by the clerk. Fed. R. Civ. P. 55(a). Default is appropriate if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" *Id*. Second, after the default is entered by the clerk, the party may move the Court for default judgment. Fed. R. Civ. P. 55(b)(2). The Court notes that plaintiff's motion for default judgment is procedurally improper because plaintiff has not yet requested that the clerk enter a default in this matter, before moving for default judgment. Accordingly, the motion [Doc. 14] is **DENIED**.

Second, plaintiff has filed a "MOTION: FOR Summary Judgment Rule F.R.C. [Rule 56]" [Doc. 15]. In his motion, plaintiff reasserts the basis of his complaint, stating that the defendants violated his constitutional rights and the Americans with Disabilities Act and requests summary judgment in his favor. Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*., 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

However, Rule 56 also provides that a party must support the assertion that a fact cannot be genuinely disputed by:

2

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). Plaintiff here provides no evidence to support his motion, instead relying on the pleadings and re-asserting his claims. Therefore, he has not proven that there is no genuine dispute as to any material fact or that he is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment [Doc. 15] is **DENIED**.

Third, plaintiff filed a "MOTION: EXPEDITE JUDGMENT AS A MATTER OF LAW" [Doc. 19]. Plaintiff asks two questions of the Court in his motion: "what about the difference between waivers and forfeitures of arguments, and the impact it makes on an appellate court's review?" and "[w]hether (Defendants) objection on state law grounds is sufficient to obtain appellate review of a related federal constitutional claim? Especially in the evidentiary area" [*Id.* p. 1]. Plaintiff appears to ask questions about a state court's disposition in his case and states that "forfeited claims might be revieved [sic] under 'exceptional circumstances'" [*Id.* p. 2]. However, the Court declines to answer his questions, provide advice as to plaintiff's potential appeal, or comment upon another court's case. "As is well known[,] the federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947). Accordingly, this motion [Doc. 19] is **DENIED**. Further,

3

to the extent that the motion may be construed as a request for the Court to review his case or rule on his motions, it is **DENIED** as moot.

In conclusion, for the reasons discussed above, plaintiff's motions [Docs. 14, 15, 19] are **DENIED**.

IT IS SO ORDERED.

                                    s/ Thomas A. Varlan
                                    UNITED STATES DISTRICT JUDGE